UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN STEVEN GARDNER            )  | | |
|     Petitioner            )  | | |
| )  | 1:10-CV-610 | |
| v.            )  | | |
| )  | | |
| RICK THALER, Director            )  | | |
| Texas Department of Criminal Justice,            )  | (Death Penalty Case) | |
| Correctional Institutions Division,            )  | | |
|     Respondent            )  | | |

**OPPOSED MOTION
FOR EVIDENTIARY HEARING**

Pursuant to RULES GOVERNING SECTION 2254 CASES IN THE US DISTRICT COURTS, Rules 6 and 8, Mr. Gardner requests that this court enter an order granting discovery and an evidentiary hearing as to his ineffective assistance of counsel grounds in his federal Petition for Writ of Habeas Corpus.  In support of his motion, Mr. Gardner asserts:

    1.    The State of Texas obtained affidavits from trial counsel, William B. House, Jr. and Robert Hultkrantz.  The affidavits are replete with unconfronted, unreliable and invalid assertions of "trial strategy," predicated on assumptions and speculation.

    2.    Moreover, it is not realistic to impose the burden on the petitioner to obtain an affidavit from trial counsel confessing error and ineffectiveness.  Nor can reliable, accurate and valid findings and conclusions be premised on unconfronted, self-serving assertions of "strategy" in the trial record.

    3.    Moreover, when a former client asserts an ineffective assistance of counsel claim (IAC), defense counsel is placed in an inherent conflict of interest situation:  represent the client

zealously, even to the extent of admitting to errors and omissions, but risk their livelihood if they do so. Indeed, this conflict-of-interest became tangible when in 2005, the Texas Legislature had passed SB 60, which provided for the removal from the approved list of any capital defense attorney who is found to be ineffective.

    4.    In particular, the statute provides:

TEX. CODE CRIM. PROC. art. 26.052 – Appointment of counsel in death penalty case; reimbursement of investigative expenses, provides in part:

    (a)    Notwithstanding any other provision of this chapter, this article establishes procedures in death penalty cases for appointment and payment of counsel to represent indigent defendants at trial and on direct appeal and to apply for writ of certiorari in the United States Supreme Court

.....

    (d)    (1)    The committee shall adopt standards for the qualification of attorneys to be appointed to represent indigent defendants in capital cases in which the death penalty is sought.

        (2)    *The standards must require that a trial attorney appointed as lead counsel to a capital case* or an attorney appointed as lead appellate counsel in the direct appeal of a capital case:

            (A)    be a member of the State Bar of Texas;

            (B)    exhibit proficiency and commitment to providing quality representation to defendants in death penalty cases;

            *(C)*    *have not been found by a federal or state court to have rendered ineffective assistance of counsel during the trial or appeal of any capital case*; ....

Without an evidentiary hearing at which IAC claims are fully and fairly litigated, this court

can not make an "intelligent and informed decision" as to these claims

5. In state habeas, under *Ex parte Maldonado*, 688 S.W.2d 114, 115 (Tex. Crim. App. 1985), Mr. Gardner had the burden of alleging, and if granted an evidentiary hearing, of proving facts which would entitle him to relief.

6. However, the state court denied the request of Mr. Gardner for discovery and an evidentiary hearing. As a result, he was forced to expressly rely upon the factual recitations within his state Application for habeas relief, as well as all the facts contained within the Clerk's Record, the Reporter's Record, and all of the documentation contained within the exhibits to the state application.

7. In this federal court, Mr. Gardner once again requests discovery followed by a full evidentiary hearing where he may present testimony and other evidence in support of all the claims in his habeas petition, and in rebuttal of the state's denials and affirmative defenses.

8. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011) does not preclude an evidentiary hearing in the case at bar. This is because in *Pinholster*, the Petitioner did not allege that the state court in any way prevented or impeded his development of facts in support his claims. At least since *Williams v. Taylor*, 529 U.S. 410 (2000), it has been settled law that a prisoner who diligently attempted to develop the facts, but was prevented from doing so by the state court, will not be barred by 28 U.S.C. § 2254(e)(2) from fact development in federal habeas. "Comity is not served by saying a prisoner 'has failed to develop the factual basis of a claim' where he was unable to develop his claim in state court despite diligent efforts." *Williams v. Taylor*, 529 U.S. at 437. *Pinholster* did nothing to change this holding.

9. Mr. Gardner can still develop and present his evidence in federal court, even when

the factual basis of a claim was previously adjudicated on the merits of an underdeveloped record that was before the state court, because he can overcome the limitation of § 2254(d).

10. Indeed, the lower federal courts did just that in *Skipwith v. McNeil*, 2011 WL 1598829 (S.D. Fla. 2011), and *Hale v. Davis*, 2011 WL 3163375 (E.D. Michigan 2011). The federal courts granted an evidentiary hearing in accord with Justice Breyer's concurrence in *Pinholster*:

> if the state-court rejection assumed the habeas petitioner's facts (deciding that, *even if* those facts were true, federal law was not violated), then (after finding the state court wrong on a (d) ground) an (e) hearing might be needed to determine whether the facts alleged were indeed true.

*Pinholster*, 131 S.Ct. at 1412 (emphasis in original).

11. As reflected in the accompanying habeas petition, assuming the truth of all of the allegations and evidence that Mr. Gardner, Mr. Gardner has made a showing to overcome the limitation of § 2254(d). The evidence he has brought forwarded raises a possibility that fairminded jurists could agree that the state court's decision conflicts with clearly established federal law, or with the evidence taken in the light most favorable to the petitioner. *Richter*, 131 S.Ct. at 786.

12. Mr. Gardner's claims for relief can not be fully or fairly resolved by this court without the taking of live testimony and presentation of evidence, particularly as to the ineffective assistance of counsel claims given that trial counsel has refused to make themselves available.

WHEREFORE, pursuant to RULES GOVERNING SECTION 2254 CASES IN THE US DISTRICT COURTS, Rules 6 and 8, Mr. Gardner requests that this court grant him an evidentiary hearing at which he may present evidence in support of his claims. Mr. Gardner requests that within a reasonable time prior to that evidentiary hearing, that this court enter an order permitting him discovery in the form of depositions, written interrogatories, and subpoenas duces tecum in order to prepare for the hearing and secure witnesses and evidence. And finally, Mr. Gardner further

requests that following the evidentiary hearing, this court allow him a reasonable period of time to brief the issues of fact and of law raised by such discovery and evidentiary hearing.

## CONCLUSION

For all of the reasons argued above and within the other pleadings filed by Mr. Gardner, he respectfully requests that this court set an evidentiary hearing as to all of his ineffective assistance of trial counsel claims.

Respectfully submitted,

_____
Lydia M.V. Brandt
Texas Bar No. 00795262
THE BRANDT LAW FIRM, P.C.
P.O. Box 850843
Richardson, Texas   75085-0843
(972) 699-7020 Voice; (972) 699-7030 Fax
COUNSEL FOR GARDNER

## CERTIFICATE OF CONFERENCE

This certifies that on August 24, 2011, undersigned counsel conferred with Mr. Matthew Ottoway, of the Texas Attorney General's Office, Capital Litigation Division, counsel for Respondent concerning Petitioner's Motion. Mr. Ottoway stated Respondent is opposed.

                                                                           _____

                                                                                Lydia M.V. Brandt

## CERTIFICATE OF SERVICE

This certifies that on September 7, 2011, I electronically filed the foregoing document with the clerk of court using the electronic case filing system of the court. The electronic case filing system sent a notice of electronic filing to the following attorney of record, who has consented in writing to accept this notice as service of this document by electronic means: Matthew Ottoway, Assistant Attorney General, Counsel for Respondent.

                                                                           _____

                                                                               Lydia M.V. Brandt